# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HECTOR RUEDA GARCIA,**

    Petitioner,

vs.                                             Case No. 4:13cv289-RH/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION

On May 15, 2013, Petitioner submitted a pro se petition for writ of habeas corpus pursuant to § 2241, doc. 1, and a motion seeking leave to proceed in forma pauperis, doc. 2. Both the motion and the petition are styled for the United States District Court for the Northern District of Florida, but in the space provided to specify the Division, Petitioner indicates the documents were to be filed in the "Southern District." Docs. 1, 2. Petitioner also states in both the habeas petition and the in forma pauperis motion that he is currently housed at Krome Service Processing Center in Miami, Florida. Docs. 1, 2. Thus, it is not clear that Petitioner intended for this case to proceed in this Court and it would appear he intended to file this petition in the Southern District of Florida.

Because Petitioner is currently detained at the Krome Service Processing Center in Miami, Florida, pursuant to Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), this case would usually be transferred to the Southern District of Florida. Generally, when a "§ 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Padilla, 542 U.S. at 447, 124 S.Ct. at 2724. Here, however, Petitioner named the State of Florida as Respondent because it appears that Petitioner seeks to challenge a state court conviction from the Thirteenth Judicial Circuit in Hillsborough County on the basis, in part at least, that counsel was ineffective for failing to advise Petitioner of the immigration consequences of entering a guilty plea. Doc. 1. Petitioner indicates he entered an "involuntary" plea. *Id.* at 2. It is unclear, however, when Petitioner was convicted as he cites to a 2013 case, doc. 1 at 2, and provides one date of April 10, 2013, *Id.* at 4, but then subsequently indicates he was placed on probation on March 3, 2008, and states that probation ended on March 3, 2009. *Id.* at 5. Accordingly, although the date of the conviction is unclear, it appears that Petitioner's case is premised upon the rule of Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), that counsel must advise his or her client of the immigration consequences of pleading guilty and holding that Strickland[1] applies to such claims. The Supreme Court recently held in Chaidez v. United States, 568 U.S. ——, 133 S.Ct. 1103 (Feb. 20, 2013), that Padilla established a "new rule" for

---

[1] In Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), the Court held that "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."

retroactivity purposes, and that "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at ——, 133 S.Ct. at 1113; *see also* United States v. Garcia, 2013 WL 1799861 at *1 (11th Cir. April 30, 2013); Aguila v. United States, 2013 WL 1316472 at *1 (11th Cir. April 3, 2013). Because it is unclear whether or not Petitioner may challenge his conviction under Padilla, and because Petitioner indicates the conviction occurred in Hillsborough County, this action should be transferred to the Middle District of Florida where Petitioner was convicted for further proceedings, including a ruling on the in forma pauperis motion.

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 30, 2013.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:13cv289-RH/CAS